**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **v.** ) | **CRIMINAL NO. 1:08-CR-337 LY** |
| ) | |
| **George Lewis ESCAMILLA,** ) | |

**United States' Response to the Defendant's Motion for Compassionate Release**

Comes now the United States Attorney, for the Western District of Texas, by and through the undersigned Assistant United States Attorney, and files this Response to the defendant's Motion to Motion for Compassionate Release under the First Step Act.

The defendant filed his motion on March 29, 2019. He did not serve a copy on the United States Attorney's office; rather, a copy was forwarded to the undersigned by the Court on April 3, 2019. The United States requested information from the United States Bureau of Prisons (BOP) thereafter. Essentially, the information contained in the defendant's motion was confirmed by the BOP. For the reasons stated below, the Motion should be denied.

**Applicable Law**

On December 21, 2018, the First Step Act of 2018 (P.L. 115-391) was signed into law. The act was the culmination of several years of congressional debate about what Congress might do to reduce the size of the federal prison population while also creating mechanisms to maintain public safety. The act has three major components: (1) correctional reform via the establishment of a risk and needs assessment system at the Bureau of Prisons (BOP), (2) sentencing reform via changes to penalties for some federal offenses, and (3) the reauthorization of the Second Chance

1

Act of 2007 (P.L. 110-199). The act also contains a series of other criminal justice-related provisions. Among those are changes to the Compassionate Release program.

Prior to the act, compassionate release was difficult to understand and even more difficult to obtain. Existing law only allowed for compassionate release if the BOP filed a motion with an inmate's sentencing court seeking a sentence reduction under certain limited circumstances. The two biggest limitations to compassionate release prior to the First Step Act were these: 1) only the BOP could bring a motion seeking compassionate release; and 2) if BOP did not want to bring a motion for compassionate release there was nothing an inmate could do to have their request reviewed by a court. Consequently, many inmates never received a sentence reduction despite arguably being eligible for compassionate release. The First Step Act changed the way compassionate release requests are handled.

The act now provides that a motion for compassionate release can be filed with the sentencing court by either the inmate, or the BOP. Before an inmate can request compassionate release from a judge, the prisoner must submit an administrative request to the BOP. If the Warden fails to act within 30 days of the prisoner's request, the inmate can proceed to court immediately. Alternatively, the prisoner can move for compassionate release with the court 30 days after the prisoner's grievances have been exhausted.

The act does not change the statutory standard for receiving compassionate release. Specifically, for compassionate release to be granted, a prisoner must have:

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any

other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the

Sentencing Commission

18 U.S.C. 3582(C)(1)(A)(i)-(ii). The "applicable policy statements issued by the Sentencing Commission" refers to U.S.S.G. 1B1.13, a provision of the Sentencing Guidelines. In light of the First Step Act, Commission is expected to amend 1B1.13 to provide district courts with further clarity about what constitutes "extraordinary and compelling reasons."  No such amendments have been drafted or added to the U.S.S.G. The Court must therefore look to section 1B1.13 for guidance. Specifically, section 1B1.13, Application Note states:

<u>Extraordinary and Compelling Reasons</u>.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
(A)   <u>Medical Condition of the Defendant</u>.—
   (i)   The defendant is suffering from a terminal illness (<u>i.e.</u>, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (<u>i.e.</u>, a probability of death within a specific time period) is not required. Examples include advanced dementia.

   (I)   suffering from a serious physical or medical condition,
   (II)   suffering from a serious functional or cognitive impairment, or
   (III)   experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
(B)   <u>Age of the Defendant</u>.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

**Procedural History**

The defendant timely exhausted his administrative remedies in this case. On February 1, 2019 he requested Compassionate Release from the Warden of the BOP facility in which he is housed. On February 15, 2019, the Warden responded and denied the request. The defendant filed an appeal of the denial on February 21, 2019. There is no record of a response to this request from

3

the Warden. On March 29, 2019, the defendant filed this motion with the Court.

**Applicability of the Act to the defendant**

The defendant is not suffering from a terminal illness, or a serious and advanced illness with an end of life trajectory. Nor does he suffer from a serious physical or medical condition (as defined by the act), or from a serious functional or cognitive impairment. Moreover, he is not experiencing a serious deterioration in physical or mental health because of the aging process. Rather, he alleges his motion should be granted because he is experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. Motion at 3-6; USSG, section 1B1.13, *application note* A, III. Other than his bald statement, he offers no evidence to establish his claim. Even if the Court takes all of his statements as true, the law does not support his request.

In his response to the defendant's petition, the Warden stated:

> You state you are a double amputee as a result from chronic diabetes and suffer from high blood pressure and are anemic. These medical conditions are not solely related to the aging process and you are able to function in a correctional setting. In addition, you were at a Medical Center and due to your health progress you were released to return to FCC Oakdale. Furthermore, you failed to provide reasoning why conventional treatment promises no substantial improvement to your mental or physical condition. As such, your request for a Compassionate Release is denied at this time. Date: February 15, 2019.

Motion at 4. First, the defendant offers no evidence in the form of medical records to indicate whether or not his diabetes, high blood pressure and anemia are controlled or uncontrolled with therapy, diet or medication; further he offers no therapy notes, staff observations, affidavits or statements from individuals who have observed his mobility issues; nor does he offer any other records to support his claim. In fact, he acquiesces to the Warden's observation that he has indeed from his medical conditions sufficiently to be moved from a Medical Center to the FCC.

While his condition certainly imposes significant limitations on his mobility, there is no evidence to support his claims as to the severity of these limitations. Moreover, these same limitations would be present if the defendant was not incarcerated.

Finally, application note A. III is applicable when the defendant's is "experiencing deteriorating physical or mental health **because of the aging process**, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility **and from which he or she is not expected to recover**." U.S.S.G. 1B1.13, *application note* A. III (emphasis added). There is no evidence that the defendant's condition is caused by the aging process. Further, there is no evidence regarding the current status of his medical conditions, or the prognosis for control of those conditions. Finally, there is no evidence regarding the status of any occupational therapy the defendant has received or is receiving due to the loss of his legs. Tens of thousands of bilateral amputees are confined to wheel chairs, lead productive lives, and are able to care for themselves. The defendant's bald allegations, without evidence or support, are not sufficient to justify his release under applicable law.

Therefore, the United States would suggest that the defendant's motion be denied at this time.

JOHN F. BASH
UNITED STATES ATTORNEY
/s/ Mark H. Marshall
MARK H. MARSHALL
Assistant U. S. Attorney
903 San Jacinto Blvd., Ste. 334
Austin, Texas 78701
512/916-5858
Fax 512/916-5855
State Bar No. 13032500

**Certificate of Service**

I hereby certify that on May 31, 2019, a true and correct copy of the foregoing

Government's Response to the defendant's Motion for Compassionate Release has been filed using the court's electronic filing system. A copy of the Response has been sent by certified mail to the defendant at the address noted below:

George Lewis Escamilla, Sr.
# 43385-080
Petitioner Pro Se
Satellite Prison Camp
P.O. Box 5010
Oakdale, LA 71463

                                                  /s/ Mark H. Marshall
                                                Mark H. Marshall
                                                Assistant U. S. Attorney

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **CRIMINAL NO. 1:08-CR-337 LY** |
| ) | |
| **George Lewis ESCAMILLA,** ) | |

O R D E R

Before the Court is the defendant's Motion to Motion for Compassionate Release under the First Step Act. The Court has considered said motion, in light of the entire file in this case, and hereby

ORDERS that the motion be denied.

ENTERED on this the ____ day of _____, 2019.

_____
UNITED STATES DISTRICT JUDGE