IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2019 JUN -6  PM 12: 21
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
              DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § § | A-08-CR-337(1)-LY |
| GEORGE LEWIS ESCAMILLA, SR. | § | |

## ORDER

Before the court are Defendant George Lewis Escamilla Sr.'s "Motion for Compassionate Release/Sentence Reduction" and the Government's response thereto. Defendant seeks a reduction in sentence pursuant to the First Step Act. On June 23, 2009, the court sentenced Escamilla to 240 months' imprisonment for possession with intent to distribute five kilograms or more of cocaine. Escamilla seeks a compassionate early release because he is a double amputee as a result of chronic diabetes. Escamilla states he is 66 years old and has completed two-thirds of his sentence. According to Escamilla, he is committed to a wheelchair and has high blood pressure and anemia.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act:

(A) the court, upon motion of the Director or the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure to the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –

(i) extraordinary and compelling reasons warrant such a reduction . . .

The United States Sentencing Guidelines provide "extraordinary and compelling reasons" exist due to a defendant's medical condition or age when the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g) and:

(A) Medical Condition of the Defendant –

    (i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory)....

    (ii) The defendant is –

        (I) suffering from a serious physical or medical condition,

        (II) suffering from a serious functional or cognitive impairment, or

        (III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.C. § 1B1.13, application note 1; *see also* 28 U.S.C. § 994 (authorizing the Commission to describe what should be considered extraordinary and compelling reasons for sentence reduction).

After consideration of Escamilla's motion and the Government's response, the motion is denied. The court finds no compelling or extraordinary reasons that warrant a reduction. Although Escamilla indicates he is committed to a wheelchair and suffers from other medical conditions, he fails to show his ability to provide self-care within the environment of a correctional facility is substantially diminished. Additionally, as noted by the warden, Escamilla's medical conditions are not solely related to the aging process and he fails to show why conventional treatment promises no substantial improvement to his mental or physical condition.

It is therefore **ORDERED** that the "Motion for Compassionate Release/Sentence Reduction," filed by Defendant George Lewis Escamilla on March 29, 2019, is **DENIED**.

SIGNED this ____ day of June, 2019.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE